QIU YUE ZHENG, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 07–0325–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2007.

Lin Li, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Qiu Yue Zheng, a native and citizen of China, seeks review of a January 11, 2007 order of the BIA affirming the August 30, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for relief under the Convention Against Torture ("CAT"). *See In re Zheng, Qiu Yue*, No. A95–687–657 (B.I.A. Jan. 11, 2007), *aff'g* No. A95–687–657 (Immig. Ct. N.Y. City Aug. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When—as in Zheng's case—the BIA fully adopts the decision of the IJ, this Court reviews the decision of the IJ. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews questions of law and the application of law to undisputed fact *de novo. Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). However, we review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's determination that Zheng failed to establish eligibility for relief under the CAT. "To establish eligibility for protection under the CAT, an applicant bears the burden of proving that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159 (2d Cir.2005) (quoting 8 C.F.R. § 1208.16(c)(2)).

In support of her CAT claim, Zheng refers to a "Profile"; however, no Depart-

ment of State country profile was submitted into evidence in Zheng's case, and, thus, none is part of the record on appeal. The background evidence that is part of the record does not indicate that Zheng will more likely than not be tortured upon return to China. In particular, the material indicates that individuals prosecuted for illegal exit "may be given a warning or placed in detention for not more than 10 days" but many are not detained at all, unless they are viewed as disgracing the nation. The background material submitted by Zheng contains no reference to the penalties suffered by those who violate the illegal departure law.

Although some of the documentary evidence in the record indicates that some prisoners in China have been tortured, Zheng has not established that someone in her alleged circumstances is more likely than not to be tortured if forced to return to China. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). Thus, the IJ's denial of Lin's application for CAT relief is supported by substantial evidence. *See Mu Xiang Lin,* 432 F.3d at 159.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.